UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEFFREY GROSS,

        Plaintiff,

        - against -           **MEMORANDUM & ORDER**

PATHMARK STORES, INC.        06-CV-3824 (DLI) (RER)
FOUNDATION,

        Defendant.
------------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

In this personal injury action, jurisdiction over which is predicated on diversity of citizenship, plaintiff Jeffrey Gross seeks to join Bergen-Passaic Elevator of N.Y., Inc. ("BP Elevator") as an additional defendant, and to remand this matter to State court pursuant to 28 U.S.C. § 1446(e) because complete diversity would then no longer exist.[1] See Docket Entry 22 at 2. Defendant Pathmark Stores, Inc. does not object to the joinder of BP Elevator, but does object to remand. See Docket Entry 23 at 2. For the reasons which follow, Gross's motion to add BP Elevator as a defendant[2] and to remand this matter to State court is granted.[3]

---

[1] A complete recitation of the facts of this case is unnecessary. Simply put, Gross claims he was injured in an elevator at one of Pathmark's stores. It is undisputed that BP Elevator maintained that elevator during the time when Gross was injured, pursuant to a contract with Pathmark. Thus, Gross argues, both Pathmark and BP Elevator are liable for his injuries.

[2] Gross's motion was made by letter. *See* Docket Entry 22. In response, Pathmark has requested the opportunity to brief the remand issue after it "can be adequately researched and addressed." Docket Entry 23 at 2. I find that the factual and legal issues presented herein are straightforward and do not require formal briefing. Thus, I deny Pathmark's request for further briefing.

[3] I have the authority to decide Gross's motion to remand outright. *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241 (E.D.N.Y. 2006) (magistrate judge has authority to grant motion to remand).

As joinder of BP Elevator is not objected to, and is otherwise appropriate under the Federal Rules of Civil Procedure, it appears that remand to State court is mandated by the explicit terms of both 28 U.S.C. §§ 1447(e) and 1447(c). Pursuant to 28 U.S.C. § 1447(e), where, after removal, "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder *and remand the action to State court*." Section 1447(c) explicitly provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, *the case shall be remanded*." (Emphasis added). Working together, these two statutory provisions require that if BP Elevator is added as a defendant, remand is mandated as the Court will then lack subject matter jurisdiction over this case.

Even if Pathmark objected to BP Elevator's joinder, I would nevertheless grant Gross's motion even without the benefit of further briefing as joinder and remand otherwise appears appropriate pursuant to Rule 20 of the Federal Rules of Civil Procedure. *E.g.*, *Lombardi v. Hall*, No. 04-CV-3589 (JG), 2004 WL 1236985, at *1 (E.D.N.Y. June 4, 2004) (under section 1447(e) court must consider whether joinder and remand are consistent with principles of fundamental fairness); *Hunt v. Stryker Corp.*, No. 03-CV-7385 (RWS), 2004 WL 502186, at *2 (S.D.N.Y. Mar. 17, 2004) (joinder and remand under section 1447(e) must first satisfy Rule 20(a)). Rule 20(a) permits joinder of multiple defendants if there is asserted against them "any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." The Rule seeks "'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *See Corchado v. Product Design & Development, Inc.*,

No. 99-CV-9032 (JSR), 2000 WL 134689, at *2 (S.D.N.Y. Feb. 4, 2000) (quoting 7 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1652, at 372 (2d ed. 1986)). Under this Rule, "the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724 (1966). There is no question that Gross's claims arise out of a single occurrence and involve questions of law and fact common to both Pathmark and BP Elevator.

Although the Second Circuit has not enunciated a test, district courts in this circuit consider four factors in determining whether joinder and remand are appropriate: (1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment. *Lombardi*, 2004 WL 1236985, at *1 (citation and quotation omitted). On balance, these factors weigh in favor of joinder and remand.

The only factor that weighs against joinder and remand is the plaintiff's delay "between the removal of the case and [his] motion for joinder and remand." *Hunt v. Stryker Corp.,* No. 03-CV-7385 (RWS), 2004 WL 502186, at *2 (S.D.N.Y. Mar. 17, 2004). Plaintiff waited over one year to seek to add BP Elevator as a defendant and remand this matter to State court. This entire period, however, is not chargeable to plaintiff. Defendant did not disclose that BP Elevator maintained the elevator at issue until discovery was well underway. I note that as late as January 12, 2007, Pathmark had not disclosed to Gross that BP Elevator was a potentially liable defendant. *See* Docket Entry 12. Nevertheless, given the fact that the other three factors weigh in favor of joinder and remand, the plaintiff's delay in making the motion is largely irrelevant.

Remanding this case to State court will not prejudice Pathmark, will avoid the specter of inconsistent verdicts were plaintiff to sue BP Elevator in State court while this action would continue, and plaintiff's motive for adding BP as a defendant does not appear to be solely, or even principally, to destroy the Court's subject matter jurisdiction. Rather, Gross seeks to add BP Elevator as a defendant in order to have all potentially liable defendants joined in one lawsuit, as opposed to two.

## CONCLUSION

As Pathmark does not object to BP Elevator's joinder, Gross's motion to join BP Elevator as a defendant is granted. *Gross is directed to file an amended complaint adding BP Elevator as a defendant within 10 days.* Thereafter, the Clerk of the Court is directed forthwith to remand this case to State court.

**Dated: September 26, 2006**
**Brooklyn, New York**

*Ramon E. Reyes, Jr.*

**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**